# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:08CR00015 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHRISTOPHER JAMES** | ) | By: James P. Jones |
| **FAUCETT**, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Christopher James Faucett, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the motion is without merit and will accordingly dismiss it.

I

A grand jury of this court returned an Indictment on October 7, 2008, charging that Christopher James Faucett had threatened on June 4, 2008 to murder the Warden of the United States Penitentiary Lee County ("USP Lee"), located in this judicial district, and to kill the President of the United States, in violation of 18 U.S.C.A. § 115(a)(1)(B) (West Supp. 2010). On October 15, 2009, a Superseding Indictment issued, charging Faucett with a second count of threatening to murder the Warden on

March 30, 2008.  Faucett pleaded not guilty to all counts and was tried before a jury on October 27, 2009.

 The government's evidence indicated that when the threats were made, Faucett was an inmate at USP Lee, serving a 70-month term of imprisonment for a bank robbery in Utah.  The March 30, 2008 threat occurred after Faucett and his cell mate broke the sprinkler head in their cell in the Special Housing Unit ("SHU") and were being removed from the cell in restraints.  The June 4, 2008 threat occurred under similar circumstances, after Faucett again broke a sprinkler head in a cell in the SHU. The jury found Faucett guilty of two counts of threatening to murder the Warden, but acquitted him on the charge of threatening the President.

The advisory Sentencing Guidelines recommended a sentencing range of 41 to 51 months imprisonment.  After hearing arguments from the parties, I found, however, that the circumstances of Faucett's case and the sentencing factors to be considered under 18 U.S.C.A. § 3553(a) (West Supp. 2010) warranted a upward variance to a term of 72 months imprisonment.  *United States v. Faucett*, No. 2:08CR00015, 2010 WL 457437, at *3-4 (W.D. Va. Feb. 5, 2010) (setting forth reasons for upward variance).

Faucett now brings this § 2255 motion, alleging ineffective assistance of counsel regarding sentencing and appeal.  Upon review of his allegations and the

record, I conclude that his motion must be summarily denied because he has failed to allege facts demonstrating that he received such ineffective assistance of counsel.

## II

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

For the present purposes, I must accept as true the following allegations on which Faucett's § 2255 claim is based. On January 22, 2010, the day after the PSR

was completed, counsel met with Faucett and advised him that the PSR had omitted one of his felony convictions. She explained that the omission had resulted in a reduced sentencing range and suggested that she could move to reschedule the sentencing hearing from March 18 to February 2, 2010. She advised him, however, that in order to advance the timing of the sentencing hearing, Faucett would have to sign a waiver, indicating that he had decided not to pursue a motion for new trial or any other post-trial motions. Faucett agreed and signed the waiver on January 22, 2010.

After sentencing on February 2, 2010, Faucett directed counsel to file a notice of appeal. She explained to him that if he appealed the sentences imposed, the PSR's omission would be discovered and corrected. Faucett then filed a pro se notice of appeal, attaching a copy of the January 22, 2010 waiver regarding post-trial motions. He subsequently withdrew the appeal "against his will and with intentions of filing a [ § 2255 motion]."

Based on this series of events, Faucett asserts that counsel used "trickery and extortion" to persuade him to forego pursuing post-trial motions and to forfeit his right to appeal. He asserts that counsel unreasonably advised him not to assert the following available claims in support of a new trial: (a) the government's first witness disclosed the defendant's sexual orientation, although he had been advised that such

disclosure was prohibited by court order; (b) the government's first witness lied during his testimony; (c) the court allowed the trial to "drag on" until after 9:00 p.m.; (d) some jurors had to be reprimanded on three occasions to pay close attention to the evidence; and (e) jurors reached their unanimous verdict only under the pressures of the late hour.

The district court has the discretion to grant a new trial upon finding that "the interest of justice so requires." Fed. R. Crim. P. 33(a). However,

> a trial court "should exercise its discretion to award a new trial sparingly," and a jury verdict is not to be overturned except in the rare circumstance when the evidence "weighs heavily" against it.

*United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (omitting internal quotation marks).

Applying these principles to the facts surrounding the jury's verdict in Faucett's case, counsel reasonably could have believed that defendant's proposed grounds for seeking a new trial stood no reasonable likelihood of success. None of these grounds called into doubt the overwhelming evidence of Faucett's guilt. Counsel cannot be deemed deficient for advising the defendant to accept the windfall of a reduced sentence instead of pursuing a motion for new trial that she believed was doomed to fail. Moreover, Faucett fails to demonstrate any reasonable probability that

his proposed motion for a new trial would have succeeded, in light of the strength of the government's case.

Most importantly, Faucett fails to demonstrate that counsel's advice constituted coercion or trickery in any sense of these words. The defendant's own conduct placed him in the position of having to choose between a reduced sentence or pursuing a motion for a new trial and an appeal. By his own admission, counsel accurately advised him about the possible negative consequences he would face if he chose the post trial motion and appeal, and Faucett chose to forego these options by signing the waiver and withdrawing the appeal. He cannot fault counsel for giving him valid legal advice on which he based his decisions regarding what course of action to pursue. Finding no ground on which Faucett has stated a claim of ineffective assistance under *Strickland*, I will deny relief.

## III

For the stated reasons, I will summarily deny the defendant's § 2255 motion.[1] A separate Final Order will be entered herewith.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the defendant is not entitled to relief.

DATED: February 2, 2011

/s/ JAMES P. JONES
United States District Judge