# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:08CR00015 |
| v. | ) | **OPINION** |
| | ) | |
| **CHRISTOPHER JAMES FAUCETT,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Christopher James Faucett, Pro Se Defendant.*

Defendant Christopher James Faucett has filed a motion that he styles as "REQUEST FOR DEFENSE COUNSEL TO FILE A RULE 33 MOTION NO LATER THAN FRIDAY OCTOBER 19, 2012: NEWLY DISCOVERED EVIDENCE." After review of the motion and the court record, I will deny Faucett's motion as without merit, as well as construe his motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), and dismiss it as successive.

I

Christopher James Faucett, a federal inmate, was indicted in this court for threatening to murder his prison warden and the President of the United States. Faucett pleaded not guilty and was tried before a jury, which found him guilty of

two counts of threatening to murder the warden, but acquitted him on the charge of threatening the President. I sentenced Faucett to a total term of 72 months imprisonment, which represented an upward variance from the advisory sentencing guideline range. *United States v. Faucett*, No. 2:08CR00015, 2010 WL 457437, at *3-4 (W.D. Va. Feb. 5, 2010) (setting forth reasons for sentence).

Faucett thereafter filed a § 2255 motion, alleging ineffective assistance by his attorney. I summarily dismissed Faucett's § 2255 motion as without merit. *United States v. Faucett*, No. 2:08-CR-00015, 2011 WL 322876 (W.D. Va. Feb. 2, 2011). Faucett did not appeal this judgment.

In his current motion, Faucett asserts that his attorney erroneously believed that Faucett's diagnosis of "borderline personality disorder" indicated a mild mental health problem and that highlighting this condition was detrimental to Faucett's defense. Faucett recently discovered "new evidence," indicating that "borderline personality disorder" is not a mild mental health problem. Faucett asserts that if defense counsel had presented evidence of the true nature of his mental health condition, the outcome at trial and at sentencing would have been different. Based on this "new evidence," Faucett moves for appointment of counsel to file a motion for a new trial.

II

Rule 33(b)(1) of the Federal Rules of Criminal Procedure authorizes a defendant to file a motion for a new trial based on newly discovered evidence within three years of the entry of judgment. A motion for new trial, pursuant to Rule 33(b)(1) should be granted only if the court finds: (i) the new evidence is, in fact, newly discovered; (ii) there are facts alleged from which the court may infer due diligence on the part of the movant in discovering the new evidence; (iii) the evidence relied upon is not merely cumulative or impeaching; (iv) the evidence is material to the issues involved; and (v) the evidence is of such a nature that it would "probably result in an acquittal . . . at a new trial." *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989).

Faucett's newly discovered understanding of the mental health diagnosis applied to him at the time of trial does not qualify as newly discovered evidence warranting a new criminal trial under Rule 33(b)(1). Faucett also fails to state any facts suggesting that he and his defense attorney could not, with due diligence, have discovered the true definition of "borderline personality disorder" at the time of trial. Moreover, he fails to demonstrate that presenting evidence of his mental health diagnosis would probably result in an acquittal if I granted him a new trial. As Faucett thus fails to satisfy at least three of the five factors necessary to warrant

a new trial, I must deny his Rule 33 motion and his request for appointment of counsel.

Faucett's current motion also claims that he is entitled to relief from the criminal judgment because defense counsel failed to present evidence and arguments about Faucett's mental health condition at trial or at sentencing. Regardless of the title the defendant assigns to his motion, such claims are properly construed as a § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. Faucett offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to redocket Faucett's submissions as a § 2255 motion, which I will summarily dismiss as successive.

A separate Final Order will be entered herewith.

DATED: June 14, 2012

/s/ James P. Jones
United States District Judge